IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMANTHA JO WALKER | ) | |
| | ) | |
| v. | ) | No. 3:16-1231 |
| | ) | |
| NANCY A. BERRYHILL | ) | |
|     Acting Commissioner of | ) | |
|     Social Security[1] | ) | |

To: The Honorable Aleta A. Trauger, District Judge

## **R E P O R T   A N D   R E C O M M E N D A T I O N**

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of disability and Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12), to which Defendant has responded. Docket Entry No. 14. Plaintiff has also filed a subsequent reply to Defendant's response. Docket Entry No. 15.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12) be **DENIED**.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

## I. INTRODUCTION

Plaintiff filed an application for a period of disability and DIB on October 25, 2013. *See* Transcript of the Administrative Record (Docket Entry No. 10) at 75.[2] She alleged a disability onset date of June 15, 2012. AR 75.[3] Plaintiff asserted that she was unable to work due to arthritis, two slipped discs in her back, high blood pressure, high cholesterol, psoriasis, and type 2 diabetes. AR 93.[4]

Plaintiff's applications were denied initially and upon reconsideration AR 75, 88. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Angele Pietrangelo on October 30, 2013. AR 31. On November 27, 2015, the ALJ denied the claim. AR 10-12. On April 4, 2016, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on November 27, 2015. AR 10-12. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2014.

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[3] The alleged onset date was subsequently amended to October 21, 2013. AR 13, 35.

[4] Records also revealed Plaintiff experienced gastrointestinal reflux, excessive menstrual bleeding, anxiety, depression, and obesity. AR 93.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 21, 2013, through her date last insured of June 30, 2014 (20 CFR 404.1571 *et seq*.).

***

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the lumbar spine, morbid obesity, diabetes mellitus and depressive disorder (20 CFR 404.1520(c)).

***

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

***

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she is only able to lift and[/]or carry up to twenty pounds occasionally and ten pounds frequently. She can sit, stand, and walk for six out of eight working hours. She should never climb ladders, ropes, and scaffolds but can occasionally climb ramps or stairs and can occasionally balance, stoop, kneel, crouch or crawl. She is limited to only occasionally pushing and pulling with the left lower extremity. She is limited to simple and low-level detailed tasks and is able to make simple workplace decisions. She is able to tolerate gradual and infrequent workplace changes.

***

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

***

7. The claimant was born on October 5, 1970 and was 43 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in

significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

***

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from October 21, 2013, the alleged onset date, through June 30, 2014, the date last insured (20 CFR 404.1520(g)).

AR 15-25.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of*

*Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and

1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden

under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform work with express limitations to account for her severe impairments, and that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 15-25.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by (1) failing to provide limitations in the RFC pertaining to concentration, persistence, and pace; and (2) failing to properly consider the

8

opinion of a treating physician. DE 13 at 1. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id*. at 12-13.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court will address each of Plaintiff's assertions of error below.

**1. RFC.**

Plaintiff argues that the ALJ committed reversible error by failing to include specific limitations in the assigned RFC pertaining to concentration, persistence, and pace ("CPP"), despite finding that Plaintiff suffered from "some limits" in these areas. DE 13 at 6. As part of her finding at step two of the five-step evaluation, the ALJ concluded that Plaintiff suffered from "moderate difficulties" with respect to concentration, persistence, and pace. AR 16. The ALJ also referenced Plaintiff's "moderate" limitations in these areas when discussing the weight accorded to the opinions of State agency physicians Dr. George Livingston and Dr. Edward Sachs, both of whom determined that Plaintiff did not suffer from any severe mental impairment.

9

AR 22, 68, 81-82. The ALJ included a mental restriction in the RFC limiting Plaintiff to "simple and low-level detailed tasks and [the ability] to make simple workplace decisions," as well as "gradual and infrequent workplace changes" (AR 18), based on a hypothetical question posed to the vocational expert ("VE") regarding Plaintiff's ability to obtain gainful employment that included the same mental limitations. AR 58-59. The Sixth Circuit has held that substantial evidence may be produced through reliance on the testimony of a VE in response to a hypothetical question, but the question posed to the VE must "accurately portray[] [the claimant's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (internal citations omitted).

Despite Plaintiff's contention otherwise, courts have repeatedly held that mental limitations such as those contained in the assigned RFC sufficiently address deficiencies in CPP. *See, e.g., Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) ("[T]he ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately captures [claimant's] deficiencies in concentration, persistence or pace."); *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (holding that a hypothetical that included the "ability to do only simple routine repetitive work, which does not require close attention to detail" adequately described claimant's deficiencies in concentration, persistence, and pace); *Najmi-Nejad v. Barnhart*, 75 F. App'x 60, 64 (3d Cir. 2003) (noting that "simple, routine, repetitive work" sufficiently accounts for "deficiencies in concentration, persistence [and] pace") (internal citation omitted); *Smith v. Comm'r of Soc. Sec.,* 486 F. App'x 874, 876 (11th Cir. 2012) (affirming ALJ's finding that claimant could return to past relevant work where ALJ found claimant was moderately limited in his ability to maintain concentration, persistence and pace, but could still perform simple, routine and repetitive tasks). Indeed, courts in this circuit have similarly held that restrictions nearly

10

identical to those included in Plaintiff's RFC were adequate to capture any limitations caused by deficiencies in CPP. *See Bohn-Morton v. Comm'r of Soc. Sec.*, 389 F. Supp. 2d 804, 807 (E.D. Mich. 2005) (holding that a limitation to "simple and rote" job tasks was sufficient to address Plaintiff's "moderate and occasional deficiencies in concentration, persistence, or pace"); *Jackson v. Comm'r of Soc. Sec.*, No. 1:10-cv-763, 2011 WL 4943966, at *4 (N.D. Ohio Oct. 18, 2011) (noting that the Sixth Circuit "does not require further limitations in addition to limiting a claimant to 'simple, repetitive tasks' for every individual found to have moderate difficulties in concentration, persistence, or pace"); *Saturday v. Comm'r of Soc. Sec.*, No. 1:12-cv-2251, 2013 WL 6840355, at *5 (N.D. Ohio Dec. 27, 2013) (same).

Notably, Plaintiff fails to identify any evidence indicating that she is subject to more severe limitations regarding CPP than those included in the RFC. Indeed, Dr. Van Mills is the only medical provider who opined that Plaintiff was more than mildly impaired with respect to CPP, but he specifically stated that such limitations did not arise until after the expiration of Plaintiff's insured status (AR 15, 370), thus rendering his opinion irrelevant for purposes of determining disability. *See Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x 387, 390 (6th Cir. 2015) ("Claimant bears the burden of establishing that a disability began before [her] disability insurance expired[.]"). The ALJ noted that her conclusion regarding Plaintiff's moderate limitations in CPP was born "out of an abundance of caution" based solely on Plaintiff's testimony (AR 23), and thus limited Plaintiff to "simple and low-level detailed tasks," "simple workplace decisions," and "gradual and infrequent workplace changes." AR 18. The ALJ therefore gave Plaintiff the benefit of the doubt that she was somewhat impaired with respect to CPP, but this did not require the ALJ to adopt any additional CPP limitations. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an

ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."); *see also Grim v. Colvin*, No. 5:12-cv-2801, 2013 WL 5316346, at *7 (N.D. Ohio Sept. 23, 2013) ("Because an ALJ is only required to incorporate in the RFC or hypothetical those limitations that he or she accepts as credible, the ALJ did not err by omitting pace-based restrictions."). Accordingly, the Court finds no error in the RFC.

**2. Treating physician.**

Plaintiff next contends that the ALJ failed to properly consider the opinion of Dr. Mills, who she claims represents a treating physician, regarding her alleged physical limitations. DE 13 at 8.[5] This opinion, which is contained in a medical source statement ("MSS") completed on August 28, 2014, posits that during an eight-hour workday Plaintiff would be unable to stand and walk for two hours, unable to sit for two hours, and unable to lift and carry 10 pounds on more than a frequent basis.[6] AR 365. Dr. Mills further opined that Plaintiff would only be able to sit, stand, or walk for 10 minutes before changing position. AR 365. The ALJ accorded "little weight" to this opinion. AR 21.

Pursuant to the "treating physician rule" contained in 20 C.F.R. § 404.1527(c)(2), an ALJ must give controlling weight to the opinion of a treating physician if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." If the ALJ does not accord controlling weight to the treating physician's opinion, several factors must be considered in

---

[5] Plaintiff does not appear to dispute the ALJ's decision to discount Dr. Mills' opinion regarding Plaintiff's alleged mental impairments. *See* AR 368-70.

[6] A "frequent" basis is defined as anywhere between "1/3 to 2/3 of an 8-hour day." AR 365.

determining how much weight to give the opinion, including the length of the treatment relationship, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Id.* § 404.1527(c)(2)-(6). The ALJ must provide "good reasons" for the weight that is assigned to the treating source's opinion. *Id.* § 404.1527(c)(2).

However, the Court does find that Dr. Mills is entitled to "treating physician" status for purposes of 20 C.F.R. § 404.1527(c)(2). As noted by Defendant, the record shows that Dr. Mills treated Plaintiff on just two occasions, July 28, 2014 and August 28, 2014, with both visits occurring after the date on which Plaintiff's insured status expired. AR 15, 496-505. Such limited treatment does not necessarily establish that the provider represents a treating source, *see Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006) ("[D]epending on the circumstances and the nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship.") (internal citation omitted), and the timing of his treatment does little to demonstrate the existence of a disabling condition during the relevant period. *See Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir. 1984) ("In order to qualify for an award of disability insurance benefits, [the claimant] must establish 'the onset of disability *prior* to the expiration of his insured status.'") (quoting *Gibson v. Secretary,* 678 F.2d 653, 654 (6th Cir. 1982)) (emphasis in original). The Sixth Circuit has held that the opinion of a physician who did not begin treating the subject claimant until after the expiration of the claimant's insured status is only "minimally probative." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517 (6th Cir. 2010) (citing *Siterlet v. Sec'y of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir. 1987)). The Court therefore concludes that Dr. Mills is not a treating physician under 20 C.F.R. § 404.1527(c)(2), thus preventing his opinion from enjoying any deference under the treating

physician rule. *Cf. Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014) ("[B]ecause Dr. Catt was an examining psychologist—not a treating doctor—his opinion is not entitled to any special deference.").

Regardless, the Court finds no error in the weight accorded to Dr. Mills' opinion. The ALJ explained that Dr. Mills' recommended limitations relating to sitting and walking were inconsistent with Plaintiff's own testimony regarding her abilities to perform such activities. AR 21-22. The ALJ also noted that Dr. Mills based the severe restrictions in his MSS on degenerative disc disease of the lumbar spine, specifically at the L4-5 level (AR 366), yet an MRI demonstrated only mild findings at the L4-5 level, including mild anterolisthesis, mild disc protrusion, mild canal stenosis, and mild bony narrowing of the right foramen. AR 436. An x-ray taken of Plaintiff's lumbar spine approximately one month prior to the alleged onset date revealed only degenerative changes without any acute fracture. AR 224. On November 13, 2013, several weeks after the alleged onset, Plaintiff demonstrated "mild limitation to motion of her back," normal straight leg testing, and no neurologic deficits. AR 296. On November 27, 2013, more than one month after the alleged onset, Plaintiff's lower back was found to be "minimally tender." AR 292. Such findings simply do not support the severity of the restrictions contained in Dr. Mills' opinion. *See Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 640 (6th Cir. 2016) (affirming ALJ's decision to give "little weight" to treating physician's severe physical restrictions based on objective medical evidence showing "only mild to moderate degenerative changes in the spine"); *see also Blacha v. Sec'y of Health & Human Servs.,* 927 F.2d 228, 231 (6th Cir. 1990) (upholding ALJ's non-disability determination based on objective medical tests revealing only mild degenerative spinal changes).

Plaintiff nevertheless argues that the ALJ erred by citing an office note from July of 2015 as support for her decision to discount Dr. Mills' opinion, yet mistakenly identifying the office note as documentation of a visit in *June* of 2015. DE 13 at 11. It is true that the ALJ erroneously attributed findings from a June 12, 2015 report to one from July 17, 2015. AR 22, 425-34. Plaintiff's emphasis on this mistake is, however, misplaced since the medical findings referenced by the ALJ, which included "normal coordination[] and normal fine motor skills" (AR 22), are identical in the two reports. AR 428, 433. The ALJ's error in this regard is therefore harmless.

Plaintiff's additional suggestion that the ALJ committed reversible error by failing to identify all of the findings from the July 17, 2015 report is unpersuasive. Plaintiff is correct that a physical examination on that date revealed numerous findings not discussed by the ALJ in the opinion, including "moderate pain" with respect to Plaintiff's lumbar range of motion. AR 428. However, the ALJ is not required to "discuss every piece of evidence in the record to substantiate [her] decision," *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 664 (6th Cir. 2004)), especially with respect to findings derived more than one year after the expiration of Plaintiff's insured status. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990) ("In order to establish entitlement to disability insurance benefits, an individual must establish that [she] became 'disabled' prior to the expiration of his insured status.) (citing 42 U.S.C. § 423(a), (c)). The Court also notes that additional findings from the July 17, 2015 report not discussed by the ALJ include normal motor skills, normal balance and gait, a full range of motion in the lumbar spine, no mid-line spinous or paraspinous tenderness over the lumbar spine, and an ability to heel-and-toe walk normally. AR 428. The Court therefore finds that substantial evidence supports the weight accorded to Dr. Mills' opinion.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully recommended that Plaintiff's motion for judgment on the administrative record (DE 12) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge